UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 07-30031-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SHERRIE A. SHAW | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Modify Sentence [Doc. No. 17] filed by attorney Louis Scott on behalf of Defendant Sherrie A. Shaw (" Shaw"). Mr. Scott argues that the Court should amend Shaw' s sentence to set aside the six-month term of imprisonment and should instead sentence Shaw only to home confinement.

The Government has filed a Memorandum in Opposition [Doc. No. 18] and argues that the Court is without jurisdiction to consider Shaw' s motion.

First, the Court notes that Shaw was represented at sentencing by attorney Betty Marak of the Office of the Federal Public Defender. Ms. Marak has not withdrawn, and Mr. Scott is not enrolled in this case. Therefore, his filing is improper.

Additionally, even if this were a proper filing, the Court has no jurisdiction to amend Shaw' s sentence. The Court imposed sentence on Shaw on January 7, 2008. Pursuant to Federal Rule of Criminal Procedure 35(a), a court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error within seven days of the date a defendant was

sentenced. Fed. R. Crim. P. 35(a), (c). This seven-day time limit is jurisdictional. See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir.1997); United States v. Lopez, 26 F.3d 512, 518-520 (5th Cir.1994). Here, more than seven days have passed since sentence was imposed, and Shaw does not contend that there was an arithmetical, technical, or other clear error. Thus, Rule 35(a) does not apply.[1]

Likewise, Federal Rule of Criminal Procedure 36, which provides a method to correct clerical mistakes in judgments, orders or other parts of the record at any time, does not apply.

Finally, as the Government points out, a district court's authority to amend a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35. 18 U.S.C. § 3582(c)(1)(B). As set forth above, Rule 35 does not apply, and Shaw's requested reason for modification, to allow her to work, is not permissible under § 3582.

IT IS ORDERED that Shaw's Motion to Modify Sentence is DENIED.

MONROE, LOUISIANA, this 21st day of February, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Government could also move under Rule 35(b) for the Court to reduce a defendant's sentence because of her substantial assistance to the Government. However, no such motion has been filed.